## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 889 - 2 | **DATE** | 12/3/2002 |
| **CASE TITLE** | 02C 8745 United States of America vs. Leo Paschal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) is denied. The Clerk of the District Court is ordered to remove the Section 2255 motion that was filed in 98 CR 889 and file it as a new civil case. The government is to file a response to the petition by 1/24/2003. Mr. Paschal is to file his reply by 2/21/2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 2 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 02 DEC -3 PM 3:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | **02C 8745** |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | No. 98 CR 889-2 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| LEO PASCHAL, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

DOCKETED
DEC 0 4 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the defendant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, the Rule 60(b) motion is denied.

### BACKGROUND

On December 2, 1998, the defendant, Leo Paschal, and his brother, Mottio Paschal, were arrested by officers of the Niles Police Department following an alleged bank robbery and subsequent vehicular pursuit. On December 3, 1998, a one-count criminal complaint was filed in this Court charging the defendant and Mottio Paschal with bank robbery in violation of 18 U.S.C. § 2113(a). On February 11, 1999, a one-count indictment was filed. On February 19, 1999, the defendant was arraigned before Magistrate Judge Arlander Keys and he entered a plea of not guilty to the charges presented in the indictment.

At trial, evidence established that the defendant drove his brother Mottio to the CIB Bank located in Niles, Illinois. Mottio Paschal entered the bank and advised the tellers that he wished to open a checking account. One of the teller's responded by saying that the defendant would

need to consult with a personal banker. Shortly thereafter, Mottio informed the teller that, in fact, he had an account with CIB Bank and that he wished to cash a check. Another teller was asked to process this transaction.

As the teller began the process of cashing the check, Mottio reached into his pocket and produced a paper bag which had been written on. The bag read, "This is a stick up all 100s 50s 20s No funny money No tricks or I'll blow your head off." The bag was laid on the counter top, its opened top end facing the defendant. The teller put all of the money from her drawer on top of the counter while the defendant made comments such as, "hurry up," "I gotta go," "don't tell anybody," and "don't head off." The defendant placed the money into the bag and left the bank.

While this was ongoing, another teller witnessed what was happening and she activated an alarm. The bank administrator concluded that a robbery was taking place and she followed Mottio out of the bank. She saw Mottio enter an older style Cadillac, driven by the defendant, which left the parking lot. The bank administrator returned to the bank and called the Niles Police Department, which dispatched multiple marked squad cars to investigate. Detective Jim Elanz also responded to the scene. He spotted the Cadillac and directed the marked units to effect a traffic stop on the vehicle. The defendant did not yield and he led the Niles police on a traffic pursuit. During the pursuit, the defendant struck two police vehicles which had been used to block the Cadillac's progress.

At the conclusion of the testimony, the jury returned a verdict of guilty on Count One of the indictment. On March 9, 2000, Paschal was sentenced to 120 months imprisonment. On December 26, 2000, the defendant filed the instant motion for relief from this conviction pursuant to Federal Rule of Civil Procedure 60(b). The motion is now fully briefed.

## DISCUSSION

In his Rule 60(b) motion, the defendant argues that his conviction at trial should be reversed because his trial attorney entered into an unauthorized stipulation with respect to a jurisdictional element of the crime of bank robbery. Specifically, he contends that his counsel incorrectly agreed to stipulate that the CIB Bank was insured by the Federal Deposit Insurance Corporation ("FDIC") as of December 2, 1998. He has since become convinced that the CIB Bank in fact was not insured by FDIC on the date of the bank robbery and, thus, his conviction for that offense was improper.

Rule 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). In this case, Paschal is attempting to challenge his criminal conviction by means of Rule 60(b). However, it is well-settled that a defendant cannot challenge a criminal conviction under the Federal Rules of *Civil* Procedure. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *United States v. Ramsey*, 106 F.3d 404, 1997 WL 14152, at *1 (7th Cir. Jan. 9, 1997) (unpublished opinion); *United States v. Erinle*, 53 F.3d 334, 1995 WL 258106, at *2 (7th Cir. 1995) (unpublished opinion). Rule 1 of the Federal Rules of Civil Procedure states that "[t]hese rules govern the procedure in the United States district courts in all suits of a *civil* nature." Fed.R.Civ.P. 1 (emphasis added). The judgment that the defendant contests was entered, not in a civil case, but in a criminal case, and a proper appeal of his conviction should be raised directly to the Seventh Circuit and not to this Court in this fashion. "Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as

3

such the defendant cannot challenge the criminal [conviction] at issue under Fed.R.Civ.P. 60(b)." *Mosavi*, 138 F.3d at 1366. Accordingly, the defendant's Rule 60(b) motion is denied.

However, that does not end our discussion of this case. Our review of the case docket has uncovered what appears to be a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Apparently, the defendant attached this petition as an exhibit to his reply memorandum in support of his Rule 60(b) motion. Consequently, the Clerk of the District Court did not notice it and it was not assigned a civil case number. Now that we have discovered this problem, we have been in contact with the Clerk's office and we have decided on the following procedure to resolve it. Upon receipt of this order, the Clerk of the District Court will remove the Section 2255 motion that was filed in 98 CR 889 and file it as a new civil case. This civil case number will have a 02 prefix because it is impossible to go back and assign a 2001 number to this file. The Clerk is ordered to file stamp the Section 2255 petition as of April 2, 2001, the date the reply memorandum was filed.

Furthermore, so that we can avoid any further delay in this case, we will set the following briefing schedule on the Section 2255 petition. The government is to file a responsive pleading with respect to the petition by January 24, 2003. The defendant is to file a reply by February 21, 2003. We will rule on the petition as quickly as possible once all the briefs have been received.

## CONCLUSION

For the foregoing reasons, the defendant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is denied. The Clerk of the District Court is ordered to open a new civil case file for the defendant's Section 2255 petition. The government is to file a response to the petition by January 24, 2003. Mr. Paschal is to file his reply by February 21, 2003.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 3, 2002