# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 8745 | **DATE** | 10/29/2003 |
| **CASE TITLE** | Leo Paschal vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter MEMORANDUM, OPINION AND ORDER: **For the foregoing reasons, Leo Paschal's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 is [1-1] denied, terminating the case. All pending motions are denied as moot. This is final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 3 date docketed | 9 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEO PASCHAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 02 C 8745 |
| ) | |
| UNITED STATES OF AMERICA, ) | Wayne R. Andersen |
| ) | District Judge |
| Respondent. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on petitioner Leo Paschal's petition to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

On December 2, 1998, petitioner Leo Paschal ("Petitioner") and his brother Mottio Paschal were arrested by officers of the Niles Police Department following an alleged bank robbery and subsequent car chase. On February 11, 1999, a one-count indictment was filed charging Petitioner and his brother with bank robbery in violation of 18 U.S.C. § 2113(a). On February 19, 1999, Petitioner entered a plea of not guilty.

At trial, the evidence established that Petitioner drove his brother to CIB Bank located in Niles, Illinois. Mottio Paschal entered the bank and advised a teller that he wished to open a checking account. Mottio then informed the teller that, in fact, he had an account with CIB Bank and wanted to cash a check. Another teller was asked to process this transaction.

As the teller began the process to cash a check, Mottio placed a paper bag in front of her. Writing on the bag stated: "This is a stick up all 100s 50s 20s No funny money No tricks or I'll blow your head off." The teller put all of the money from her drawer on top of the counter, and Mottio placed the money into the bag and left the bank. Another teller witnessed the robbery, and activated an alarm.

In response to the alarm, a bank manager realized what was taking place. She followed Mottio out of the bank and grabbed the bag with the stolen money away from Mottio. Mottio fled the scene in an older style Cadillac driven by Petitioner. While the bank manager notified the Niles Police Department, Petitioner and his brother stopped to get gas. Detective Jim Elanz of the Niles Police Department drove one of several marked squad cars that responded to a department dispatch requesting investigation. When Detective Elanz spotted the Cadillac, he directed the marked units to stop the car. Petitioner and his brother did not yield to the stop, and led the Niles police on a car chase. During the pursuit, Petitioner struck two police cars.

At the conclusion of the trial, the jury found Petitioner guilty. On March 9, 2000, Petitioner was sentenced to 120 months imprisonment. On March 20, 2000, Petitioner filed a timely notice of appeal and later moved to dismiss his appeal on March 26, 2001. That motion was granted on March 29, 2001. On April 2, 2001, Petitioner filed the instant petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is now fully briefed. Petitioner previously filed a motion for relief from his conviction pursuant to Federal Rule of Civil Procedure 60(b). That motion was denied by this Court on December 4, 2002.

## DISCUSSION

Under section 2255, the federal version of habeas corpus, an individual can petition a district court to vacate, set aside, or correct a federal sentence. 28 U.S.C. § 2255 (2003). Collateral relief under section 2255 is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). The Supreme Court recently held that a constitutional claim of ineffective assistance of trial counsel raised for the first time in a section 2255 petition is not procedurally defaulted. *Massaro v. United States*, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).

Petitioner advances two constitutional arguments and one jurisdictional argument. Petitioner's constitutional arguments are that he received ineffective assistance of trial and appellate counsel. He alleges that trial counsel rendered ineffective assistance by failing to adequately investigate whether the CIB Bank branch located in Niles, Illinois was insured by the Federal Deposit Insurance Corporation ("FDIC") before stipulating to such fact. Petitioner further argues that appellate counsel rendered ineffective assistance by failing to raise a claim of

3

ineffective assistance of trial counsel and by failing to raise the jurisdictional argument Petitioner now advances here. That jurisdictional argument is that "the [FDIC] certificate [held by] the bank was legally insufficient to establish FDIC insurance or federal jurisdiction."

I. **Federal Jurisdiction**

Pursuant to 18 U.S.C. § 2113, an individual is subject to federal prosecution if "by force and violence, or by intimidation, [he] take[s], or attempt[s] to take, from the person or presence of another... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank." 18 U.S.C. § 2113(a) (1998). A bank, which is identified in § 2113(a), includes: "any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank ... and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f) (1998). Petitioner argues that CIB Bank's FDIC insurance certificate "was legally insufficient to establish FDIC insurance or federal jurisdiction."

We disagree. The Seventh Circuit has addressed this same issue and determined that what Petitioner has labeled an issue of "subject matter jurisdiction" is, in fact, a misnomer. In *Hugi v. United States*, 164 F.3d 378 (7th Cir. 1999), a petitioner filed a section 2255 petition in which he claimed that his attorney had been ineffective for failing to challenge the "jurisdictional" element of use of the interstate wires. *Id.* at 380. In response to this argument, the court analyzed the nature of subject matter jurisdiction in criminal cases and concluded that "[t]he nexus with interstate commerce, which courts frequently call the 'jurisdictional element,'

4

is simply one of the essential elements of [the offense]. Although courts frequently call it the 'jurisdictional element' of the statute, it is 'jurisdictional' only in the shorthand sense that without that nexus, there can be no federal crime.... It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction...." *Id.* at 381. Rather, the court explained that "subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *Id.* at 380. Thus, even if the government failed to establish the connection to interstate commerce, a district court would not be deprived of jurisdiction. *Id.* at 381 (quoting *United States v. Martin*, 147 F.3d 529, 532 (7th Cir. 1998)).

This analysis is fatal to Petitioner's "jurisdictional" argument. As in *Hugi*, Petitioner has asserted that the stipulation relating to the interstate commerce element of the crime (in *Hugi*, the stipulation was to the use of the interstate wires and, in this case, the stipulation relates to CIB Bank's FDIC insurance) is not sufficient to confer jurisdiction. However, the Seventh Circuit's holding in *Hugi* makes it clear that the interstate commerce element does not, in fact, confer subject matter jurisdiction in this Court. *Hugi*, 164 F.3d at 380-381. Rather, 18 U.S.C. § 3231 provides jurisdiction. *Id.* at 381. Proof that the bank Petitioner and his brother robbed was FDIC insured is simply one of a number of elements that must be either proved by the government at trial or agreed to by the parties in a stipulation.

Indeed, in this case, the government, in fact, established the connection to interstate commerce. Although Petitioner now raises the issue of ineffective assistance of counsel, trial counsel nevertheless stipulated to the bank's FDIC insured status. A stipulation is one of the most persuasive forms of proof that the government can offer in establishing the FDIC insured

5

status of a victim bank. *See e.g., United States v. Knop*, 701 F.2d 670, 674 (7th Cir. 1983) (stating that "we fail to understand why the Government should rely on indirect evidence of FDIC insured status, when that status can easily be established directly by either a stipulation or the introduction of the pertinent certificate of federal insurance"). Thus, the parties' stipulation relating to the FDIC insurance did not implicate this Court's subject matter jurisdiction.

## II. Petitioner's Claim of Ineffective Assistance of Trial Counsel

Petitioner alleges that trial counsel rendered ineffective assistance by failing to adequately investigate whether the CIB Bank branch located in Niles, Illinois was insured by the FDIC before stipulating to such fact at trial. For the following reasons, we disagree.

Whether analyzing a claim for ineffective assistance of trial counsel or appellate counsel, the court applies the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To successfully establish ineffective assistance, Petitioner must provide evidence that his attorney's performance fell below an objective standard of reasonableness (the "performance prong") and that the counsel's deficiencies prejudiced his defense (the "prejudice prong"). *Id.* at 688-92. The performance prong requires Petitioner to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Id.* at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts begin this analysis with a strong presumption that counsel rendered reasonably effective assistance. *United States v. Moralez*, 964 F.2d 677, 683 (7th Cir. 1992).

The prejudice prong requires Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. Failure to satisfy either the performance prong or prejudice prong of the *Strickland* test is fatal to an ineffectiveness claim. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

## A. Performance Prong

Petitioner has failed to show that his trial counsel's conduct fell below an objective level of reasonableness. Petitioner asserts that, at the time trial counsel stipulated to CIB Bank's FDIC insured status, the only evidence counsel possessed to show that the branch was FDIC insured was a copy of an FDIC insurance certificate dated in 1964. This does not appear to have been the case.

As an attachment to his petition, Petitioner has provided an excerpt from a memorandum authored by his trial counsel and addressed to the Illinois Attorney Registration & Disciplinary Commission in response to a complaint filed by Petitioner against trial counsel. In the memorandum, trial counsel states that he received information from government witnesses indicating that CIB Bank was FDIC insured. Petitioner does not dispute that his counsel received such information prior to entering into the FDIC stipulation. Trial counsel also states that he discussed with Petitioner the possibility of entering into a stipulation relating to the FDIC insurance and the significance of such a stipulation.

Criminal defense attorneys owe their clients "a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. If trial counsel had not stipulated to CIB Bank's FDIC insured status, the government could have rebutted any objection raised by Petitioner. In response to Petitioner's

7

habeas petition, the government has submitted a letter signed by Timothy E. Divis, Regional Counsel for the FDIC. The letter, dated January 23, 2003, indicates that CIB Bank has been FDIC insured continuously since July 17, 1964, and that the CIB Bank branch located in Niles, Illinois has been insured continuously since its establishment in August 1996. The one page document submitted by Petitioner, allegedly printed from the FDIC website and indicating a "Date Insured" for CIB Bank of July 17, 1964, is unavailing in that the FDIC website currently states, unambiguously, that CIB Bank "*has been* FDIC insured since July 17, 1964." FDIC website at http://www.fdic.gov (emphasis added). Under these circumstances, we conclude that it was reasonable for trial counsel to enter into the stipulation and that a more detailed investigation into the status of CIB Bank's FDIC insurance was unnecessary.

## B.     Prejudice Prong

Petitioner most certainly did not suffer prejudice from his counsel's conduct. A trial counsel's stipulation to the authenticity of business records has been held to have been harmless when there existed no factual basis to dispute the validity of the business records. *United States v. Kiser*, 948 F.2d 418, 425 (8th Cir. 1991) (upholding a district court's conclusion that defense counsel had the authority, within his professional judgment, to enter into a stipulation and waive the requirements for foundation regardless of a client's disagreement and that such a stipulation did not impermissibly deny the defendant's right of confrontation) (*cited with approval in United States v. Wingate*, 128 F.3d 1157, 1161 (7th Cir. 1997)).

There is no reasonable probability that, but for counsel's alleged unprofessional error, Petitioner would have been found innocent. Clearly, the government would not have had any

difficulty establishing CIB Bank's FDIC insured status. Thus, Petitioner was not prejudiced by the stipulation.

### III. Petitioner's Claim of Ineffective Assistance of Appellate Counsel

Petitioner also was not denied effective assistance of appellate counsel. A counsel is expected to exercise independent judgment as to what claims are meritorious and is not required to bring forth every claim that his client desires. *Jones v. Barnes*, 463 U.S. 745, 750-752, 103 S.Ct. 3308, 77 L. Ed. 987 (1983). A defendant has no constitutional right to force "counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Id.* at 751. The decision to eliminate weaker arguments on appeal in order to emphasize the stronger points available is a decision properly within the discretion of appellate counsel. *Id.* at 751-52.

Petitioner's arguments, that this Court lacked jurisdiction to hear his case and that he received ineffective assistance of trial counsel, are not meritorious. Petitioner has not shown that his appellate counsel in declining to advance these arguments on appeal failed to exercise reasonable professional discretion, or that appellate counsel's conduct otherwise fell outside the spectrum of reasonable professional conduct.

## CONCLUSION

For the foregoing reasons, Leo Paschal's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, terminating the case. All pending motions are denied as moot. This is a final and appealable order.

*Wayne R. Andersen*
Wayne R. Andersen
United States District Judge

Dated: October 29, 2003